No. 7.—The Bank of Savannah, plaintiff in error, *vs.* The Planters Bank, *et al.*, defendants in error.

[1.] If an insolvent debtor, preferring one creditor to the others, divides the debt which he owes to that creditor, into smaller debts, so that they shall be within the jurisdiction of a Court in which a judgment may be obtained on them that shall be such as to give that creditor an advantage over the others, the debtor does what is not unlawful.

[2.] The Act of 1820, "to regulate the mode of prosecuting actions against contractors and copartners, in certain cases," applies to the city Court of Savannah.

Motion to distribute Funds, in Chatham Superior Court. Decision by Judge Fleming, May Term, 1857.

Statement of facts agreed upon by counsel.

The plaintiffs brought their action in Chatham Superior Court against the defendants as co-partners—Heman A. Crane and Lewis W. Wells acknowledging service in Chatham county, and Richard Curd, the third co-partner, acknowledging service on second original sued out for Bibb County—and at the present term obtained judgment for $10,000. Summons of garnishment was served on Scranton, Johnson & Co., and they now bring into Court, under their return, $3,440.

After suit brought and garnishment served as above stated, the defendants being indebted to the Planters Bank, and the Merchants and Planters Bank, each in large sums of money, with the knowledge and consent of said Banks, divided the debts into sums of $500 each, so that suits could be brought on them to the city Court of Savannah, and judgments obtained at the then next term of said Court; on the 14th of January, 1857, they gave their promissory notes, payable one day after date, to their own order, and by them endorsed and delivered to said Banks for the amount of their indebtedness. On the 19th of January, the said Banks being the real owners, but using the name of Hiram Roberts, Isaac W. Morrell, G. Foote, Hugh W. Mercer, George W. Wylly, George W. Anderson, and the Planters Bank of the State of Georgia, brought seven several suits to the Febuary Term, 1857, of the city Court of Savannah, describing the co-partners, Heman A. Crane, Lewis W. Wells, and Richard Curd, as of said city, the two former being actually residents of Savannah, but the said Richard Curd, being then and at the time of suit brought by the Bank of Savannah, a citizen of Georgia, resident in Bibb County, though not known to be so by the Banks last sueing. On these suits Heman A. Crane and Lewis W. Wells acknowledged service in person and a return was made by the Sheriff of the city Court that Richard Curd was not to be found in his bailiwick:—judgments were rendered on said seven suits, February 2d, 1857, to bind the individual property of Heman A. Crane and Lewis W. Wells;

and the co-partnership property of Crane, Wells & Co.    It is admitted that these suits were brought in the city Court, with reference to the fund which had been stopped by Garnishment, and for the purpose chiefly of claiming this fund by prior judgments ; but the judgments were founded upon *bona fide* debts, intended to bind all the property of the defendants according to law, and to be used and controlled by the plaintiffs without any reservation whatever.    The fund paid in by the Garnishees is now claimed by these judgments.

Upon this statement of facts the question of distribution is submitted to the Court, with leave to either party to carry up.

> LLOYD & OWENS,
> *Attorneys for Bank of Savannah.*
> LAWTON & BASINGER,
> *Attorneys for other parties.*

The facts being thus agreed upon and submitted, the presiding Judge decided that the judgments obtained in the city Court were good, and being of prior date to the judgment of the Bank of Savannah, took the whole fund to the exclusion of that judgment, and ordered the same to be distributed and paid out accordingly.

To which order and decision the Bank of Savannah excepted.

Lloyd & Owens, for plaintiff in error.

Lawton & Basinger, for defendants in error

*By the Court.*—Benning, J. delivering the opinion.

The question is, which ought to have the money, the Bank of Savannah, or the Planters Bank, and the Merchants and Planters Bank ?

There is no question, that it is the latter that should have the money, if their judgments are valid.

Are their judgments valid?

The judgments are for $500 each; and each of them is is founded on a note of $500. The common debtor, Crane, Wells & Co. owed each of these two Banks, a debt much exceeding $500. These two large debts, the two Banks and Crane, Wells & Co., divided into smaller debts, viz: debts of $500, and it was to secure these smaller debts, that the notes aforesaid, on which the judgments are founded, were given.

This division of the two large debts was made *after* service of the garnishment issued by the Bank of Savannah, and was made in order to enable the other two banks to sue in the City, and thus to enable them to get judgments *before* the Bank of Savannah could get a judgment. In short, the division was made because the common debtor *preferred* his creditors—the Planters Bank, and the Merchants and Planters Bank—to his creditor, the Bank of Savannah.

Is such a preference lawful? If so, it cannot be a cause of rendering the judgments of the two former Banks invalid.

By the *old* law debtors might make preferences, among their creditors, without limit. Therefore, by the old law, debtors might make such a preference as that made by this debtor.

All of the old law, except such as may have been repealed, is still in force.

The twenty-seventh section of the Judiciary Act of 1799, is as follows: " No confession of judgment shall hereafter be entered up, but in the county where the defendant or defend_ ants may reside, or unless the cause has been regularly sued out and docketed in the usual way as in other cases, nor until such cause be called in its order for trial."

This section, doubtless repeals a part of the old law; but it does not repeal the part which sanctions such a preference as that in question in the present case; for it does not *say* that

it repeals that part, and it is not *necessarily repugnant* to that part.

The same may be said, *mutatis mutandis,* of the Act of 1818, to prevent insolvent debtors from making "*assignments or transfers of property,*" to a portion of creditors to the exclusion and injury of the other creditors."

Neither this Act then, nor the twenty-seventh section of the Judiciary Act, repeals that part of the old law, which sanctions the preference made by this debtor.

It was not insisted, that there is any other law, that does.

It follows, therefore, that that part of the old law is still in force.

And such is the conclusion to which this Court came, in *Lavender et al. vs. Thomas et al.* 18 *Ga.* 668.

[1.] There is nothing, then, in this *division of the large debts,* to render the judgments invalid.

These judgments were judgments rendered by the City Court of Savannah. The judgments were rendered in suits brought against a partnership, consisting of three persons, Crane, Wells and Curd. Of these persons, Crane and Wells resided in Savannah, and they acknowledge service of the suit; Curd resided in Macon, and as to him, the Sheriff returned that he was not to be found in his bailiwick. The judgments were against the individual property of Crane & Wells, and against the property of the partnership.

Did the fact that Curd resided out of the city of Savannah, and was not served, render these judgments invalid?

It did not, if the Act of 1820, "to regulate the mode of prosecuting actions against contractors and copartners, in certain cases," applies to the city Court of Savannah. This is admitted.

Does that Act apply to the city Court.

It is sufficiently general in its terms to apply to that Court.

It is a highly remedial Act.

It certainly, therefore, ought as well to apply to that Court

as to any Court, unless there is some special cause to prevent it from applying to that Court.

We know of no such cause.

There is a fact which, perhaps, may be a cause why the Act should especially apply to that Court. The city Court of Augusta is, in all respects, a similar Court to the city Court of Savannah. The city Court of Augusta was organized by an Act passed in 1817; and therefore, passed *before* this general Act of 1820. In that organizing Act, there is provision made for the city Court of Augusta, *similar to the general provision* contained in the Act of 1820. Indeed, the provision in the Act of 1820, was, it is probable, taken from that contained in that organizing Act.

Now, the city Court of Savannah was organized by an Act passed *after* the Act of 1820. That Court, being like the city Court of Augusta, as much needed a provision of this sort as the city Court of Augusta could need it. Why then was it not specially given to that Court in the organic Act in the same way in which it had been given to the city Court of Augusta in its organic Act? There was at that time, no necessity that it should be so specially given: the general provision contained in the Act of 1820, then existed: That sufficed. What other answer than this can there be?

And this answer corresponds with what, no doubt, has been the contemporaneous view of the remedial powers of the city Court of Savannah.

[2.] We may at least say, that we know of no special cause sufficient to take the city Court out of the general terms of the Act of 1820.

But if there is no such cause, then there is nothing in the fact aforesaid, as to one partner's non-residence and non-service, that can render the judgment invalid.

But even if it were so, that the Act of 1820 did not apply to the city Court, would it follow, that these judgments are void?

That it would, is anything but certain.

The two served defendants made no objection to the want of service on the third : they suffered judgment to go against them.

If two out of three partners, or joint contractors, are *sued*, the common law says, that they must plead the non-joinder of the third, else judgment may of right go against them. But if all three are sued, and only two *served*, can it make any difference? Must it not be equally true, that the two must plead, or at least in some way insist upon, the non-service of the third, in order to prevent judgment from going against them ?

And the common law is what governs, in this respect, in the present case. The part of the Constitution relating to the place in which cases are to be tried, does not apply to corporation Courts.

Upon the whole, we may say that we know of nothing that should render these judgments void.

So the judgment of the Court below is to be affirmed.

Judgment affirmed.